# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JIM MALOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-0471-CV-W-FJG |
| | ) |
| CITY OF KANSAS CITY DEPARTMENTS, et al. | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed in Forma Pauperis and plaintiff's Motion to Oversee the State Case.

In reviewing plaintiff's pro se Complaint, the Court is concerned that subject matter jurisdiction is lacking. "The existence of subject matter jurisdiction is a threshold issue." Conagra Feed Co. v. Higgins, No. 5:00CV78-H, 2000 WL 1448593, *1 (W.D.N.C. 2000).

> As a Federal Court, we have limited jurisdiction and may only hear matters which fall within our jurisdictional limits. . . . As a consequence, we have a primordial duty, in every case before us, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied. . . . Hence, if it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Poor Richard's Inc. v. U.S. Dept. of Agriculture, No. Civ. 97-700(JRT/RLE), 1998 WL 315380, *2 (D.Minn. 1998)(internal citations and quotations omitted). See also, Alumax Mill Products, Inc. v. Congress Financial Corp., 912 F.2d 996, 1002 (8th Cir. 1990), quoting, Hughes v. Patrolmen's Benev. Ass'n of City of New York, Inc., 850 F.2d 876, 881 (2d Cir.), cert. denied, 488 U.S. 967 (1988) ("Federal subject matter jurisdiction may

be raised at any time during litigation and must be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking.")

Plaintiff in his Complaint requests that the Court hear his case involving a violation of his civil rights. He alleges that the listed City departments, persons and government officials have discriminated against him. He asks the Court for a grand jury investigation, an order staying his case in state court and that all documents be turned over to him. Additionally, plaintiff has filed a Motion asking this Court to "oversee" his criminal case which is pending in state court. Attached to plaintiff's Complaint is a copy of a Judgment which was entered in the Circuit Court of Jackson County, Missouri on May 1, 2006. The Judgment states that Jim Maloy entered a guilty plea to operating without a salvage business license. The conditions of probation state that Mr. Maloy must be in compliance with all laws within sixty days and stay in compliance thereafter. The case is set to be reviewed for compliance on July 17, 2006 at 9:00 a.m.

In <u>Endeshaw v. Poston</u>, No. Civ. 00-691 DWFAJB, 2001 WL 34624007, (D.Minn. June 29, 2001), the Court stated:

> Pursuant to the <u>Rooker-Feldman</u> doctrine, lower federal courts do not have jurisdiction over challenges to state court judgments. <u>Lemonds v. St. Louis County</u>, 222 F.3d 488, 492 (8th Cir. 2000). . . .The doctrine precludes both straightforward appeals and indirect attempts to undermine state court decisions. <u>Id</u>. The state and federal claims need not be identical and the federal action may be construed as a prohibited appeal essentially whenever the federal relief can only be predicated upon the determination that the state court decision was wrong. . . Furthermore, federal courts have been directed to abstain from accepting jurisdiction in instances where a grant of equitable relief would interfere with pending state proceedings in [a] way that offends principles of comity and federalism.

<u>Id</u>. at *1. In that case, the court found that plaintiff was requesting the federal court to interfere with actions that had been decided or were pending in his state criminal matter.

Similarly, in the instant case, plaintiff is also asking this Court to "oversee" his pending state criminal case and to make a determination that the state court proceeding was incorrect . This is something which this Court is not permitted to do. Accordingly, because the Court lacks jurisdiction over this matter, the Court hereby **DENIES** plaintiff's Motion for Leave to Proceed In forma pauperis (Doc. # 1) and **DENIES** plaintiff's Motion to Oversee State Case (Doc. # 3).


Date: July 14, 2006                    **S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri                Fernando J. Gaitan Jr.
                                             United States District Judge